IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| Plaintiff-Respondent. | § § § |
| VS. | § § CRIMINAL ACTION NO. H-07-0392 |
| ALLEN D. LOHRMAN | § § |
| Defendant-Petitioner, | § § |
| (Civil Action No. H-12-0197) | § § |

**MEMORANDUM AND OPINION**

In this motion under 28 U.S.C. § 2255, Allen D. Lohrman asserts that his conviction resulted from evidence that was seized in an unconstitutional search, a violation of his privilege against self-incrimination, and the government's failure to produce favorable evidence. He also asserts that both at trial and on appeal, he was denied effective assistance of counsel. The government has responded to Lohrman's motion and moved to dismiss this § 2255 motion. (Docket Entry No. 363). Lohrman filed a response, (Docket Entry No. 367), and moved to amend or supplement his § 2255 motion. (Docket Entry No. 366). Based on the pleadings, the parties' submissions, the record, and the applicable law, this court denies Lohrman's motion to amend, grants the government's motion to dismiss and, by separate order, enters final judgment in this case. The reasons are set out below.

**I.    Background**

A jury convicted Lohrman and two codefendants on charges of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. The indictment also charged 31 counts of mail fraud, in

violation of 18 U.S.C. § 1341. Lohrman was convicted on all 31 counts and his codefendants on some of them. Five codefendants had previously pleaded guilty.

The case involved a scheme to sell advertisements in magazines that were either nonexistent or published but without circulation. The evidence showed that the sales were made through the use of a "back-door sales pitch." In the scheme, customers were told that they had previously agreed to buy an ad for a magazine and that the magazine had been printed and payment was due. False backdated invoices were then sent to the customers to confirm those sales. The evidence showed that no sales had occurred, or the magazines did not exist, or they existed but were not circulated. This court sentenced Lohrman to a 135-month prison term with 3 years of supervised release, and required restitution. Lohrman appealed, challenging the sufficiency of the evidence and the fraud-loss amount used to calculate the guideline range. The appellate court affirmed the conviction and sentence. *United States v. Lohrman*, 413 Fed. App'x 729 (5th Cir. 2011). Lohrman timely filed this motion.

## II. The Section 2255 Standard

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden,*

*Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A § 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)), *cert. denied*, 502 U.S. 1076 (1992). A movant is barred from raising claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *Id.* at 232 (citations omitted). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n.7, *quoted in United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992). In *Bousley v. United States*, 523 U.S. 614 (1998), the Supreme Court held that a petitioner can successfully petition for relief under § 2255 after a guilty plea only if (1) the plea was not entered voluntarily or intelligently, or (2) the petitioner establishes that he is actually innocent of the underlying crime. *See id.* at 621-24.

III. **Analysis**

    A. **The Claim that the Conviction Resulted from the Use of Evidence Seized in an Unconstitutional Search**

The government moves to dismiss Lohrman's claim that the search and seizure of mail in post office boxes he rented from two Commercial Mail Receiving Agencies and the use of information from forms he filled out and gave to those agencies violated the Fourth Amendment. Lohrman argues that he did not give permission for the search, the postal inspector and detective did

not get a warrant, and there were no exigent circumstances justifying a warrantless search. The government argues that the claim is procedurally barred because it was not raised in either the district court or on appeal and Lohrman has failed to show cause for the default, actual prejudice, or innocence. The government argues that this claim can only be considered on the basis that counsel was ineffective for failing to file a motion to suppress.

The record discloses that this claim is procedurally barred except on the basis of ineffective assistance of counsel. The motion to dismiss this claim is granted; the ineffective assistance arguments are considered below.

### B. The Claim that the Conviction Resulted From a Violation of the Privilege Against Self-Incrimination

The government moves to dismiss Lohrman's claim that the use of information obtained from forms he filled out and gave to the two Commercial Mail Receiving Agencies and the failure to provide *Miranda* warnings before questioning him violated his right not to incriminate himself. The government argues that the claim is procedurally barred because it was not raised in either the district court or on appeal and Lohrman has failed to show cause for the default, actual prejudice, or innocence. The government argues that this claim can only be considered on the basis that counsel was ineffective for failing to file a motion to suppress.

The record discloses that this claim is procedurally barred except on the basis of ineffective assistance of counsel. The motion to dismiss is granted; the ineffective assistance claims are analyzed below.

## C. The Claims of Ineffective Assistance of Counsel

### 1. The Legal Standard

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. *See* U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). An ineffective-assistance claim requires the defendant to show that counsel's performance was flawed as to be constitutionally deficient, and that the deficient performance prejudiced the defense by depriving the defendant of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams v. Taylor,* 529 U.S. 390, 390–91 (2000). The first prong of the governing standard is only satisfied when the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Lohrman must overcome a strong presumption that the decisions of his trial counsel and of his appellate counsel were sound strategy. *Id.* at 2065-66. To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the performances of Lohrman's trial and appellate counsel were not deficient, this court does not need to consider whether the trial and appellate decisions they made undermine confidence in the outcome of the proceedings. However,

this record demonstrates that Lohrman cannot satisfy either the deficiency or the prejudice requirements of *Strickland*.

The evidence at trial included testimony by Postal Inspector Boyden and Detective Kaelin about their investigation, their search of the postal boxes Lohrman rented at two Commercial Mail Rental Agencies, and about the Forms 1583 that Lohrman completed and provided to those Agencies. The government also presented testimony from Elbert Guillory, a codefendant who had pleaded guilty. Guillory testified about the back-door sales pitch and the use of false, backdated invoices to convince those contacted to send money for advertisements they falsely believed they had previously purchased, for magazines that either did not exist or that had no circulation. At trial, the government introduced invoices found in the office Lohrman admitted renting, along with the mail boxes. The government also introduced mail found in the boxes. The court excluded many other documents that were found in Lohrman's home. The jury also heard Lohrman's statements that those giving the sales pitches used a written script Guillory likely wrote, and that Lohrman had paid those who gave the sales pitches and worked in the office. Several victims of the scheme also testified. The Court of Appeals reviewed this record and summarized the evidence against Lohrman as showing that he was a "major player" in the scheme. 413 Fed. App'x at 732.

## 2. The Claim that Trial Counsel Failed to Move to Suppress Documents

The government urges that counsel could not have been deficient in failing to move to suppress the information contained on the two forms Lohrman gave to the Commercial Mail Rental Agencies and the mail found in the postal boxes Lohrman rented. The forms are headed, "Application for Delivery of Mail through Agent." It contains such basic information as the applicant's name and address. If the applicant is a business, the form requires its name, address, type

of business, the members or officers whose mail is authorized to be delivered to the Agency, and the county, state, and date of registration. The form requires the names of two references.

The Form 1583 contains a notice that provides the statutory authorization for collecting the information, the purpose for doing so, and the routine uses of that information. The routine uses identified include the disclosure of the information on the form "to an appropriate law enforcement agency for investigative or prosecution proceedings." The original of the completed Form 1583 is filed with the postmaster and a duplicate copy kept on file with the Commercial Mail Rental Agency.

Lohrman claims that his counsel was deficient in failing to move to suppress the use of the Form 1583 information. But, as the government points out, the record included testimony by the investigating officers that they already had the information before they requested the forms from the Rental Agencies.

Lohrman's argument also fails to recognize that the senders of the mail in the boxes had given their consent to open that mail. The sender's consent is sufficient to permit law enforcement officers to examine mail without a search warrant. *See* 19 C.F.R. § 145.3(b). (Docket Entry No. 330, pp. 201-212 (testimony of Sergeant Kaelin)). There was no basis for a motion to suppress; failing to file a futile motion is not deficient performance. And the information was consistent with Lohrman's defense strategy that he had nothing to hide and had no intent to defraud anyone. There is no basis in the record to conclude that, given the evidence, the few pieces of mail that were seized and introduced altered the outcome of the trial. As a result, Lohrman cannot show his counsel's failure to seek to suppress this information was prejudicial.

The motion to dismiss this claim is granted.

### 3. The Claim that Counsel Failed to Move to Suppress Pretrial Statements

Lohrman argues that the investigating officers, Postal Inspector Boyden and Sergeant Kaelin, failed to give him *Miranda* warnings before they took him into custody and interrogated him on January 17, 2007 in the parking lot of one of the Commercial Mail Rental Agencies Lohrman used, a UPS store. The evidence at trial included testimony by Sergeant Kaelin that he and Postal Inspector Boyden were conducting surveillance at the UPS store when they saw Lohrman get his mail and open it in the driver's seat of his car. The officers told Lohrman what they were investigating and asked if he would talk with them. According to Sergeant Kaelin, Lohrman agreed and told the investigators the location of his office. The investigators asked if Lohrman would consent to a search of the office, and he signed a consent to search form. Lohrman then drove to the office, in his own vehicle, with the investigators following. (Docket Entry No. 330, p. 227).

Inspector Boyden also testified. He stated that in the brief conversation Lohrman had with him and Sergeant Kaelin in the parking lot, Lohrman described the business as selling advertising in law-enforcement publications; gave the address of the office; and consented in writing to the search of that office. (Docket Entry No. 329, pp. 140-141). Lohrman then drove out of the parking lot and to the offices in his own car, and the officers followed him. (*Id.*).

Lohrman argues that contrary to the officers' testimony at trial, he was in custody when he was asked questions at the UPS store parking lot and signed the consent to search form; that he was transported to his office in the police car and did not drive himself; and that after the search of the office, he was taken back to the parking lot to get his truck, which he drove to his home followed by the investigators, who then searched that location. (Docket Entry No. 367). But in Lohrman's § 2255 motion, (Docket Entry No. 360), he states that the only "pressure" he faced when he signed

8

the consent to search form was limited to "pressure to show Investigators that he wasn't doing anything wrong." (*Id.*). He states that he was told he was not under arrest. (Docket Entry No. 366). Lohrman fails to address the evidence that over a week after these events occurred, he drove to Inspector Boyden's office and agreed to be interviewed again. There is no basis to conclude that he was in custody or that he did not come voluntarily. (Docket Entry No. 332, pp. 754-755).

There is no basis to conclude that counsel's failure to move to suppress Lohrman's statements that he was in the advertising business and where his offices were located was deficient performance or that, given the evidence in the record, it was prejudicial. This claim is dismissed.

### 4. The Claim of Failure to Investigate and to Call Witnesses

Lohrman claims that counsel failed to investigate or to bring the discovery to him for review. But the only deficiency he identifies is that counsel did not find happy clients who could have been called to testify for the defense. Such conclusory claims that unspecified uncalled witnesses might have provided helpful testimony are insufficient. *Wilkerson v. Cain*, 233 F.3d 886, 892-93 (5th Cir. 2000)(citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983)). And Lohrman acknowledges that some of the witnesses who did testify acknowledged on cross-examination that they had no complaint with the business Lohrman did. (Docket Entry No. 360, p. 12; Docket Entry No. 330, pp. 313, 322, 330-331). There is no basis to find either deficient counsel performance or prejudice. This claim is dismissed.

### 5. The Claim of Failure to Object to the Guideline Sentence Calculation

Lohrman claims that his counsel was ineffective for failing to object to the sentencing guideline calculation based on the number of victims and based on the failure to obtain copies of a spreadsheet he claims was used in sentencing. To the extent the § 2255 motion challenges the

court's calculations, findings of fact, and application of certain provisions of the Federal Sentencing Guidelines, the claims are not cognizable under 28 U.S.C. § 2255. Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Payne*, 99 F.3d 1273 (5th Cir. 1996).

To the extent Lohrman bases his claim on counsel's failure to object to the number of victims the court used in determining the fraud-loss amount, the record is also inconsistent. The record shows that counsel for Lohrman did file a written objection that he urged at the sentencing hearing to the number of victims used in determining the loss. (Docket Entry No. 316, p. 6). And to the extent Lohrman argues that counsel was ineffective for not obtaining a copy of the additional spreadsheet, the record again fails to support his claim. The record shows that when counsel for Lohrman complained that he did not receive an additional spreadsheet, the government clarified there was no separate additional spreadsheet and that the only spreadsheet had previously been produced. (Docket Entry No. 319, p. 6).

This claim is dismissed.

### 6. The Claim of Ineffective Assistance on Appeal

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel on direct appeal. *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004). To prevail on a claim for ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defendant. *Williams v. Collins*, 16 F.3d 626 (5th Cir. 1994), *cert. denied*, 512 U.S. 1289 (1994);

*Strickland v. Washington,* 466 U.S. at 688. The failure to brief what is ultimately determined to be a meritless issue does not constitute ineffective assistance of counsel. *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). Lohrman argues that the brief filed on his appeal was inadequate and that he did not have the opportunity to review it in advance. Both the government and Lohrman point to the Fifth Circuit's opinion affirming the conviction and sentence in this case. The government emphasizes that the Fifth Circuit rejected its argument that Lohrman had waived his sufficiency of the evidence claim by inadequately briefing it, finding that Lohrman had "adequately briefed this issue." Lohrman emphasizes that the court found that the adequacy of his counsel's brief presented a "close call." The government has the better of this argument, because the appellate court found the brief Lohrman's counsel filed adequate to preserve and raise his challenges to the sufficiency of the evidence, which allowed that court to review the denials of the motions for judgment of acquittal de novo. The opinion reflects the appellate court's thorough review of the evidence in the record and of the arguments Lohrman raised. There is no basis to conclude that counsel's performance was deficient or that it affected the outcome.

This claim is dismissed.

### D. The Claim that the Prosecution Failed to Disclose Favorable Evidence

Lohrman argues that the government failed to disclose a CD taken from his office that contained a commercial software program called "Publisher," advertisements that had been prepared, and other evidence that he contends would show an intent to publish the magazines. He also argues that the government failed to disclose the second spreadsheets used for guideline sentencing analysis.

These arguments are unpersuasive. First, as the government points out, this claim is barred by procedural default. Second, to the extent Lohrman is criticizing the government for failing to

disclose information that was on his office computers, he was presumably aware of that information yet did not raise it in the trial court. As to the second argument, as noted above, the record is clear that the government did disclose the spreadsheets used in the guideline sentence determination. There is no basis to conclude that the government violated any obligation to disclose favorable evidence so as to justify the relief Lohrman seeks. This claim is dismissed.

## IV. The Motion to Amend

Lohrman seeks to amend his motion under 28 U.S.C. § 2255. (Docket Entry No. 367). Rule 15 of the Federal Rules of Civil Procedure applies to motions to vacate filed under 28 U.S.C. § 2255. *United States v. Saenz,* 282 F.3d 354, 355–56 (5th Cir. 2002). Once the government files an answer, a movant may amend his motion to vacate "only with the opposing party's written consent or the court's leave." *See* FED. R. CIV. P. 15(a)(2). Whether to grant leave to amend lies within this Court's sound discretion. *Robinson v. Wade,* 686 F.2d 298, 304 (5th Cir. 1982). Rule 15(a)(2) directs the courts to freely grant leave to amend "when justice so requires." That standard guides the courts whenever a party seeks leave to amend. Despite the liberal standard for granting leave, the courts do not automatically grant leave whenever requested. *See Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." *Whitmire v. Victus Ltd.,* 212 F.3d 885, 889 (5th Cir. 2000) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Granting leave to amend here would be futile. Lohrman seeks to amend his § 2255 motion to assert ineffective assistance of counsel claims based on appellate counsel's failure to raise on appeal issues concerning an illegal search and violation of his right against self-incrimination. (Docket Entry No. 367). This court previously determined that trial counsel's failure to make these arguments at trial lacked merit. Raising these arguments on appeal would be futile.

After considering the new grounds Lohrman seeks to amend, the court determines that they are without merit. The court denies Lohrman's motion to amend, (Docket Entry No. 367), as futile. *See U.S. v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (stating that in the context of a section 2255 petition, "a district court may deny motions to amend . . . when the amendment would be futile"). *See also Ayers v. Johnson*, 247 Fed. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

V.   **Conclusion**

Lohrman is not entitled to relief under 28 U.S.C. § 2255. His pending § 2255 motion is denied, (Docket Entry No. 360). The government's motion to dismiss, (Docket Entry No. 363), is granted. Lohrman's motion to amend his motion under 28 U.S.C. § 2255, (Docket Entry No. 366), is denied. The court dismisses the motion to vacate sentence and, by separate order, enters final judgment. The corresponding civil action (H-12-0197) is dismissed with prejudice. A certificate of appealability from this decision is denied.

SIGNED on July 10, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge